JIPYONG LLC
Jinhee Kim (CA Bar No. 238928)
26F, Grand Central A, 14 Sejong-daero
Jung-gu, Seoul 04527, Republic of Korea
Telephone: (213) 321-2479, +82-2-6200-1782
Facsimile: +82-2-6200-0811
jinheekim@jipyong.com

Attorney for Non-Party John Doe Movant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF<br><br>THE BORN KOREA, CO. LTD.,<br><br>                      Applicant | CASE NO. 5:25-mc-80388-PCP<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTY JOHN DOE MOVANT TO QUASH SUBPOENA TO GOOGLE LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 9, 2026<br>Time: 10 a.m.<br>Judge: Hon. P. Casey Pitts<br>Courtroom: 8 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 9, 2026 at 10 a.m. or as soon as this matter may be heard at Courtroom 8, 4th Floor, Robert F. Peckham Courthouse, 280 South First Street, San José, CA 95113, Non-Party John Doe Movant—the creator of the YouTube channel located at https://www.youtube.com/@arazzi ("Doe")—hereby moves this Court for an order quashing the subpoena authorized by this Court's January 23, 2026 Order and issued by The Born Korea, Co. Ltd. ("The Born Korea") to Google LLC seeking information to identify Doe (the "Subpoena").

As explained in the memorandum below, the Subpoena should be quashed because The Born Korea failed to serve Doe with a notice and a copy of the Subpoena prior to serving Google as required under Fed. R. Civ. Proc. 45(a)(4). The Subpoena should also be quashed pursuant to Fed.

1  R. Civ. Proc. 45(d)(3)(A)(iii) and because all four discretionary *Intel* factors weigh against discovery.

2       This motion is based on this notice, the memorandum of points and authorities, the

3  Declaration of Jinhee Kim, the Declaration of Daye Sung, all accompanying exhibits, and on such

4  oral argument as may be received by this Court.

6  Dated: February 23, 2026

                                                                        _____

                                                                       Jinhee Kim
                                                                       **JIPYONG LLC**

                                                                       *Attorney for*
                                                                       *Non-Party John Doe Movant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Born Korea, Co. Ltd. ("The Born Korea"), a listed company incorporated in the Republic of Korea ("Korea"), sought and obtained—on an *ex parte* basis—this Court's leave to issue and serve a subpoena (the "Subpoena") to Google LLC ("Google") to unmask "[a]nonymous individuals" who allegedly published defamatory videos on YouTube. Dkts. 1 and 5.

Non-Party Movant John Doe ("Doe") is one such individual targeted by The Born Korea. According to the proposed subpoena attached to The Born Korea's *Ex Parte* Application for Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings (the "Application"), The Born Korea has apparently requested Google to turn over not only Doe's name, address, and date of birth but also information seemingly unrelated to The Born Korea's stated purpose of bringing a civil suit against Doe in Korea, such as Doe's banking information and access logs. Ex. A to Dkt. 1 at 1-2.

Setting aside the highly intrusive and sensitive nature of the information being sought, The Born Korea has taken no step to ensure that Doe had proper notice of the Application or the Subpoena. The Born Korea could have easily done so because it has been in possession of Doe's email address and has in fact been communicating with Doe through email. Instead of giving notice, The Born Korea hid from Doe its intention to seek overly intrusive personal information regarding Doe through the Subpoena. Doe only found out about the Subpoena from Google when Google emailed Doe on February 2, 2026 warning disclosure of Doe's information in the absence of a motion to quash by February 23, 2026. As such, Doe is being compelled to file the instant motion without knowledge of the actual Subpoena served on Google.

Because The Born Korea failed to provide prior notice of the Subpoena despite being able to do so, the Subpoena stands in violation of Fed. R. Civ. Proc. 45(a)(4) and should be quashed. The Subpoena should also be quashed because it is unduly burdensome and all four discretionary *Intel* factors weigh against allowing discovery.

## II. STATEMENT OF FACTS

### A. The Parties

The Born Korea is a "company incorporated in the Republic of Korea and has its principal office in Seoul, Republic of Korea." Dkt. 1 at 1.

Doe is the creator of the YouTube channel located at https://www.youtube.com/@arazzi (the "YouTube Channel"). Declaration of Jinhee Kim ("JK Decl."), ¶ 3. Doe is referred to as "User 2" in Declaration of Wonkyeong Kim dated December 17, 2025 submitted by The Born Korea in support of the Application (Dkt. 1-1). Doe's email address, arazzi359@gmail.com, is publicly displayed on the Description page of the YouTube Channel. Ex. A to JK Decl.

On June 13, 2025, The Born Korea emailed Doe through its attorney. Ex. B to JK Decl.; Ex. A to Declaration of Daye Sung ("Sung Decl."). Attached to the email was a letter from The Born Korea's counsel to Doe dated June 13, 2025 requesting Doe to (i) "immediately delete and set to private the videos and posts" relating to The Born Korea that had been published on the YouTube Channel, (ii) permanently cease and desist from posting any additional videos or posts relating to The Born Korea, and (iii) post an apology on the YouTube Channel within three days of the email. Ex. C to JK Decl.; Ex. B to Sung Decl. The Born Korea further stated that, should Doe comply with each of these requests, such will be "deemed a desirable measure for the prompt resolution and amicable conclusion of the dispute." Ex. C to JK Decl.; Ex. B to Sung Decl.

Doe immediately and fully complied with all of The Born Korea's demands, which The Born Korea confirmed by way of an email sent by its counsel on June 20, 2025. Exs. D, E, F to JK Decl.; Ex. C to Sung Decl. However, The Born Korea then claimed that these actions were "insufficient to close this matter" and demanded Doe to contact The Born Korea's representative to discuss "additional follow-up procedures and remedial measures." Ex. F to JK Decl.; Ex. C to Sung Decl. Thereafter, Doe and The Born Korea continued to communicate via email until The Born Korea terminated discussions in August 2025.

### B. The Born Korea's *Ex Parte* Application

On December 17, 2025, The Born Korea filed the Application requesting the Court to authorize The Born Korea to issue and serve on Google a subpoena pursuant to 28 U.S.C. § 1782.

1 | Dkt. 1 at 1.  The proposed subpoena attached to the Application as Exhibit A (the "Proposed
2 | Subpoena") requests Google to produce documents containing personal identifying information
3 | relating to the Google or YouTube accounts associated with (i) "the Gmail email address
4 | eojileojilsesang@gmail.com," (ii) the YouTube channel located at
5 | https://www.youtube.com/@%EC%96%B4%EC%A7%88%EC%96%B4%EC%A7%88%EC%97
6 | %B0%EC%98%88%EC%84%B8%EC%83%81, and (iii) the YouTube Channel.  Ex. A to Dkt. 1
7 | at 1.  The information being sought in the Proposed Subpoena includes "names," "dates of birth,"
8 | "addresses," "e-mail addresses," "telephone numbers," "bank names," "account numbers of bank
9 | accounts," and "ten access logs (dates, times, IP addresses, and port numbers)."  *Id*. at 1-2.

10 | On January 23, 2026, this Court granted the Application and authorized The Born Korea to issue and serve on Google a subpoena that is "substantially similar" to the Proposed Subpoena.  Dkt. 5 at 3.

13 | On February 2, 2026, Google emailed Doe and informed that (i) Google had received a subpoena in relation to this action, and that (ii) Google may "produce information related to [Doe's] account" in response to the Subpoena unless Doe email to Google a file-stamped copy of a motion to quash "by 10 a.m. Pacific Time on February 23, 2026."  Ex. G to JK Decl.  Google's email did not attach the Subpoena, nor did it contain any indication as to what was meant by "information related to [Doe's] account."  *Id*.  To date, neither The Born Korea nor Google has provided or served Doe with a copy of the Subpoena.  JK Decl., ¶ 12.

20 | **III.    LEGAL STANDARD**

21 | Section 1782 provides that a federal district court "may order" a person residing or found in the district to produce documents or testimony "for use in a proceeding in a foreign or international tribunal ... upon the application of any interested person."  28 U.S.C. § 1782.  "The statute may be invoked where: (1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'"  *In re Ex Parte Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012).

28 | Nonetheless, "a district court is not required to grant a § 1782(a) discovery application

simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Even in cases where all requirements of Section 1782 are met, "a district court still retains the discretion to deny a request." *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). Some of the non-exhaustive factors that may be considered in making such discretionary determination include (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (iii) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (iv) whether the request is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 264–65.

Fed. R. Civ. Proc. 45(a)(4) "requires that a subpoena calling for the production of documents be served on each party before it is served on the third party." *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *4 (N.D. Cal. Oct. 5, 2015). "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg L. LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016); *see also Anderson v. Ghaly*, No. 15-CV-05120-HSG, 2020 WL 3184494, at *10 (N.D. Cal. June 15, 2020) (holding that, where information relating to a nonparty is implicated, the scrutiny applicable to the subpoena is "heighten[ed]").

IV.    **ARGUMENT**

**A. The Subpoena Should be Quashed Because The Born Korea Failed to Comply with the Notice Requirement under Fed. R. Civ. Proc. 45(a)(4).**

"If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then <u>before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party</u> (emphasis added)." Fed. R. Civ. Proc. 45(a)(4). Third-party subpoenas served in violation of this rule "must be quashed." *Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4–5 (N.D. Cal. Aug. 29, 2014). Subpoenas served pursuant to a Section 1782 application are also subject to this

1  requirement. *See In re Martinez*, 736 F. Supp. 3d 1189, 1202 (S.D. Fla. 2024) (holding that Section
2  1782 applicants "must comply with" the prior notice requirement of Fed. R. Civ. Proc. 45(a)(4), and
3  quashing the subpoena that was served in violation of that requirement); *see also In re Rivada*
4  *Networks*, 230 F. Supp. 3d 467, 473–74 (E.D. Va. 2017) (holding that the protection under Fed. R.
5  Civ. Proc. 45(a)(4) apply to persons subpoenaed pursuant to § 1782); s*ee also In re Hornbeam Corp.*,
6  No. 14MISC424PART1, 2015 WL 13647606, at *5–6 (S.D.N.Y. Sept. 17, 2015), *aff'd,* 722 F. App'x
7  7 (2d Cir. 2018), *and aff'd,* 722 F. App'x 7 (2d Cir. 2018) ("Federal Rule of Civil Procedure 45(a)(4)
8  provides that notice must be served on each party to an action before a subpoena commanding the
9  production of documents or tangible things is served on any third party.  Therefore, unless the
10  district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves
11  a § 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must first serve
12  notice on all parties to the foreign proceedings").  Because The Born Korea failed to provide Doe
13  with any sort of notice about the Subpoena (let alone serving the same to Doe) before serving the
14  Subpoena to Google, the Subpoena was served in violation of Fed. R. Civ. Proc. 45(a)(4) and must
15  be quashed.

16        That The Born Korea is unaware of Doe's identity does not exonerate The Born Korea from
17  its duty to provide prior notice under Fed. R. Civ. Proc. 45(a)(4).  The purpose of this requirement
18  is to afford "other parties an opportunity to object to the production or inspection." *Deuss*, 2014
19  WL 4275715 at *4.  Here, The Born Korea possessed the means to provide notice to Doe.  The Born
20  Korea had actual knowledge of Doe's email address and had been engaged in direct communications
21  with Doe since at least June 2025.  Exs. B, F to JK Decl.; Exs. A, C to Sung Decl.  Despite this
22  knowledge, The Born Korea made no effort to notify Doe of the Subpoena or provide Doe with a
23  copy of the Subpoena and the supporting application.  The facts here do not fall under one of the
24  rare circumstances where a Section 1782 applicant may be excused from providing prior notice,
25  such as "when a deposition is taken in an ongoing, sealed criminal investigation." *Rivada Networks*,
26  230 F. Supp. 3d at 473–74.

27        Moreover, the fact that The Born Korea not only failed to provide Doe with notice about the
28  Subpoena but also filed the Application *ex parte* in the U.S. raises grievous due process and fairness

concerns, particularly considering that (i) Doe and The Born Korea have been communicating since June 2025, and (ii) Doe had complied with The Born Korea's demands to remove the relevant videos and posts from the YouTube Channel in June 2025 and did not publish any further content regarding The Born Korea thereafter.  Exs. B, C, D, E, F to JK Decl.; Exs. A, B, C to Sung Decl.  Considering these circumstances, The Born Korea's conduct cannot possibly meet the heightened scrutiny applicable to subpoenas where a non-party's information is implicated.  *Anderson v. Ghaly*, 2020 WL 3184494 at *10.

To this day, Doe is not aware of what information is actually being sought through the Subpoena served on Google, when the service was effected, and what information will be disclosed by Google.  The Born Korea's conduct undermines the procedural protection that Rule 45 is designed to provide. Accordingly, the Subpoena should be quashed.

**B. The Discretionary Intel Factors Weigh Against Discovery.**

Had Doe been given the opportunity to oppose The Born Korea's *ex parte* application, this Court's January 23, 2026 Order may not have issued because the *Intel* factors weigh against compelling disclosure.

**Regarding the first *Intel* factor**, whether Google "will be a nonparticipant in the Civil Cases" or that it is "located in this district" do not automatically resolve this factor in favor of The Born Korea. Dkt. 1 at 6.  Rather, "the key issue is whether the material is obtainable through the foreign proceeding."  *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016).  "If the material sought is within the foreign tribunal's reach and thus accessible absent Section 1782 aid, the need for assistance may not be as apparent as when evidence is unobtainable without aid." *Baxalta Inc. v. Genentech, Inc.*, No. 16-MC-80087-EDL, 2016 WL 11529803, at *3 (N.D. Cal. Aug. 9, 2016).  Moreover, this factor militates against granting a Section 1782 application unless the applicant can show "that it cannot obtain this information from a party to the foreign suit."  *Id*. at *5 (citing *In re Ex Parte Apple Inc.*, No. 15-cv-1780, 2015 WL 5838606, at *4 (S.D. Cal. Oct. 7, 2015)).

In the Application, The Born Korea made no showing that it attempted to obtain the information either (i) through the Korean courts, or (ii) directly from Doe.  *See generally*, Dkt. 1.

1  Accordingly, The Born Korea's conclusion that the information sought is "unobtainable … absent
2  Section 1782(a) aid" is groundless and premature, particularly considering that (i) according to
3  Google's own reported figures, Google regularly discloses user information pursuant to requests
4  from the Korean government and, in fact, has honored approximately ninety-percent (90%) of such
5  requests since 2022, and (ii) The Born Korea not only has Doe's email address, but also has directly
6  communicated with Doe on numerous occasions.  Exs. B, F, H to JK Decl.; Exs. A, C to Sung Decl.
7  As The Born Korea failed to show that the information sought is unobtainable absent Section 1782
8  aid, the first *Intel* factor favors quashing the Subpoena.

9  **Regarding the second and third *Intel* factors**, contrary to The Born Korea's suggestion,
10 the Korean government is not presumptively or automatically receptive to any and all Section 1782
11 assistance from a federal district court.  See Dkt. 1 at 7; *see also In re Ex Parte Application of*
12 *Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040 (N.D. Cal. 2016) (holding that the second *Intel* factor
13 "strongly" favored denying Qualcomm's Section 1782 application because the Korean Fair Trade
14 Commission made it clear "that it is not at all receptive to U.S. federal-court judicial assistance in
15 this matter").

16 Moreover, these factors favor quashing the Subpoena because the Subpoena may be at odds
17 with Korea's Personal Information Protection Act ("PIPA").  One of the stated principles of PIPA
18 is that any collection of personal information must be "to the minimum extent necessary" for the
19 purpose of such collection, and that a personal information controller must "process personal
20 information in a manner to minimize the possibility of infringing the privacy of the data subject."
21 Ex. I to JK Decl. at 2.  Here, The Born Korea admits that the only information necessary to proceed
22 with a civil case against an individual in Korea is the person's "name, address, and date of birth."
23 Dkt. 1 at 8; Chong Decl., ¶ 21.  By also seeking extraneous information such as banking details and
24 access logs, the scope of the Subpoena goes far beyond what is the "minimum extent necessary" for
25 The Born Korea's stated purpose of proceeding with a civil case against Doe.  Ex. A to Dkt. 1 at 1-
26 2; Dkt. 1 at 3.

27 Also, under Article 4 of PIPA, a data subject has the right to be informed of which of his/her
28 personal information is being processed, and to deny his/her consent to such process.  Ex. I to JK

1  Decl. at 2.  Because The Born Korea neither informed Doe of the Application nor provided Doe
2  with a copy of the Subpoena despite being able to do so, and because Google's February 2, 2026
3  email to Doe contained no indication as to which categories of information would be disclosed, there
4  is a genuine risk that Doe's rights under PIPA may be infringed if Google were to comply with the
5  Subpoena.  Ex. G to JK Decl.

6  In light of the above, there is a genuine concern that the Korean court may not be receptive
7  to information potentially gathered in violation of PIPA.  Moreover, to the extent that the Subpoena
8  seeks information over and above what would be allowed under PIPA, the Subpoena is an attempt
9  to circumvent Korean proof-gathering restrictions and privacy laws.  Accordingly, both the second
10 and the third *Intel* factors favor quashing the Subpoena.

11 **Regarding the fourth *Intel* factor**, this factor also supports quashing the Subpoena because
12 The Born Korea's requests are "unduly intrusive [and] burdensome."  *Intel*, 542 U.S. at 265.
13 "Requests are unduly intrusive or burdensome when they are not narrowly tailored, request
14 confidential information and appear to be a broad fishing expedition for irrelevant information."
15 *Baxalta*, 2016 WL 11529803, at *8 (citing *Qualcomm*, 162 F. Supp. 3d at 1042-43).

16 The Subpoena admittedly seeks not only information necessary for The Born Korea to
17 proceed with a civil case in Korea (*i.e.*, name, address, and date of birth) but also information which
18 will only be useful if Doe had provided "fictitious" information to Google (such as telephone
19 number, e-mail address, banking information, and access logs). Dkt. 1 at 8.  Courts in this circuit
20 that have considered materially similar requests as The Born Korea's Application have repeatedly
21 rejected such requests as being too intrusive or burdensome.  *See, e.g., In re Matsumoto*, No. 5:23-
22 MC-80230-EJD, 2023 WL 6959279, at *3–4 (N.D. Cal. Oct. 19, 2023) (denying the applicant's
23 request for access logs because the applicant's argument "assumes facts that the Court cannot accept
24 at this time—apart from Applicant's assumptions, there are no facts to suggest that the accounts are
25 registered under fake names and address … Given that Applicant has provided no concrete reason
26 as to why this information is necessary for its action at this time, Applicant has not shown how this
27 request is narrowly tailored to the subject matter of their action"); *see also In re Kim*, No. 5:24-MC-
28 80152-EJD, 2024 WL 3297071, at *3–4 (N.D. Cal. July 2, 2024) (denying the applicant's request

for banking information as being "unduly intrusive, as it is not necessary to serve the purpose of ascertaining the identity of the Anonymous Individual at this time … [T]here are no facts to suggest that these accounts are registered under fictitious information, and the Court will not authorize the release of private information as sensitive as bank account numbers based on an unfounded assumption"); *see also Lee v. Google LLC*, No. 24-MC-80169-EJD, 2024 WL 3925712, at *3 (N.D. Cal. Aug. 22, 2024) (striking the applicant's request for banking information as being unduly intrusive or burdensome). Just as the requests found to be unduly intrusive or burdensome in these cases, the Application also failed to provide any reason for this Court to accept that Doe has provided fictitious information to Google. *See generally*, Dkt. 1.

Because all four factors weigh against discovery, the Subpoena must be quashed.

**C. The Subpoena Is Overbroad and Unduly Burdensome.**

A court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3)(A)(iv). "[I]f the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed would be by definition 'undue.'" *de Leon v. Clorox Co.*, No. 19-MC-80296-DMR, 2020 WL 4584204, at *4 (N.D. Cal. Aug. 10, 2020) (quoting *Del Campo v. Kennedy*, 236 F.R.D. 454, 458 (N.D. Cal. 2006)).

As discussed above, the Subpoena seeks information that is not only unduly intrusive and burdensome, but also information the collection of which may contravene Korea's PIPA. Accordingly, the Subpoena should be quashed pursuant to Fed. R. Civ. Proc. 45(d)(3)(A)(iv).

**V.   CONCLUSION**

For the foregoing reasons, Doe respectfully requests that this Court enter an order quashing the Subpoena in its entirety.

Dated: February 23, 2026

Jinhee Kim
**JIPYONG LLC**

*Attorney for
Non-Party John Doe Movant*

9   Case No. 5:25-mc-80388-PCP
NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA

**[PROPOSED] ORDER**

Having considered Non-Party John Doe Movant's Motion to Quash Subpoena to Google LLC and all exhibits, briefing, pleadings and papers of record and on file in this case, and good cause appearing, Non-Party John Doe Movant's Motion is GRANTED. Accordingly, the subpoena issued by The Born Korea, Co. Ltd. to Google LLC is hereby QUASHED.

**IT IS SO ORDERED**.

Dated: _____, 2026

_____
Hon. P. Casey Pitts
United States District Judge