Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:     (671) 777-0581
Email:         cmakototaitano@taitano.us.com

*Attorney for Applicant*
*The Born Korea, Co. Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | Case Number: 25-mc-80388-PCP |
| The Born Korea, Co. Ltd., | **THE BORN KOREA, CO. LTD.'S OPPOSITION TO MOTION OF NON-PARTY JOHN DOE MOVANT TO QUASH SUBPOENA TO GOOGLE LLC** |
| Applicant. | |

**Table of Contents**

Page

I.   INTRODUCTION……………………………………………………………...…1

II.  STATEMENT OF THE ISSUES TO BE DECIDED……………………………..1

III. STATEMENT OF THE RELEVANT FACTS……………………………………..2

IV.  LEGAL STANDARD……………………………………………………………..2

V.   ARGUMENT……………………………………………………………………….3

    A.   The subpoena should not be quashed based on Rule 45(a)(4) …………..............3

        1.   Rule 45(a)(4) applies only to "parties", and Doe was not a party ……………………………..……….................................................3

        2.   The Court's Section 1782 Order prescribed a different notice procedure …..……………………………………………..4

        3.   The Federal Rules provide no authorized means to serve the Rule 45 notice on an unidentified nonparty…………………......5

        4.   Even if Rule 45(a)(4) was technically violated, quashing the subpoena would be improper because Doe suffered no prejudice..……………………………………….......6

    B.   The discretionary *Intel* factors weigh in favor of discovery …………………...... 7

        1.   The first *Intel* factor continues to favor discovery because Google is a nonparticipant and the evidence is outside the Korean tribunal's reach ........................................................ 7

        2.   The second and third *Intel* factors continue to favor discovery because there is no authoritative proof that Korean courts would reject Section 1782 evidence and there is no evidence of circumvention ..……………………………….. 8

        3.   The fourth *Intel* factor and Rule 45(d)(3)(A)(iv) continue to favor discovery because the request is narrowly tailored; in the alternative, any privacy concerns can be addressed through tailoring the discovery …………………………………………………………………. 11

            A.   The fourth *Intel* factor continues to favor discovery because the discovery is not unduly intrusive or burdensome ………………………………... 11

            B.   Rule 45(d)(3)(A)(iv) focuses on undue burden to the subpoenaed party, not the movant …………………………………………… 12

**Table of Contents (continued)**

Page

    4.    If this Court determines that certain categories of information should not be produced at this time, the appropriate remedy is tailoring the discovery and preservation rather than quashing ………………….….. 11

VI.    CONCLUSION……………………………………………………....………………13

# Table of Authorities

Page(s)

**Cases**

*Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
  498 U.S. 533 (1991) .................................................................................................. 3,4

*Deuss v. Siso*,
  No. 14-CV-00710-YGR(JSC), 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) ......................... 6

*de Leon v. Clorox Company*,
  No. 19-mc-80296-DMR, 2020 WL 4584204 (N.D. Cal. Aug. 10, 2020) ................................ 12

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*,
  634 F.3d 557 (9th Cir. 2011) ..................................................................................... 3, 8

*In re Qualcomm Inc.*,
  162 F. Supp. 3d 1029 (N.D. Cal. 2016) ......................................................................... 9

*In re Rivada Networks*,
  230 F. Supp. 3d 467 (E.D. Va. 2017) ............................................................................ 4

*In re Starship Entertainment Co., Ltd.*,
  Case No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May 24, 2023) .................. passim

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ........................................................................................... passim

*M.S. v. Angus*,
  No. 2:23-cv-09957-MWF-MAR, 2025 WL 819722 (C.D. Cal. Feb. 11, 2025) ......................... 6

**Statutes**

28 U.S.C. § 1782 .................................................................................................. passim

**Rules**

Fed. R. Civ. P. 5 ............................................................................................................. 5

Fed. R. Civ. P. 5(b)(2)(E) ................................................................................................ 5

Fed. R. Civ. P. 45(a)(4) ................................................................................................... 3

Fed. R. Civ. P. 45(d)(3)(A)(iv) ........................................................................................ 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Applicant The Born Korea, Co. Ltd. (hereinafter "**Applicant**") is seeking limited discovery from Google LLC (hereinafter "**Google**") pursuant to Section 1782 of Title 28 of the United States Code to aid foreign proceedings in the Republic of Korea. This Court determined that the statutory requirements of Section 1782 are satisfied and that the *Intel* factors favor discovery, and authorized the issuance of the subpoena to Google (hereinafter "**Subpoena**"). The Subpoena seeks information that will be used to identify the identities of anonymous YouTube users who own and operate the YouTube channels located at https://www.youtube.com/@%EC%96%B4%EC%A7%88%EC%96%B4%EC%A7%88%EC%97%B0%EC%98%88%EC%84%B8%EC%83%81 (hereinafter "**Channel 1**") and https://www.youtube.com/@arazzi (hereinafter "**Channel 2**"), and the Gmail user who owns the Gmail email address eojileojilsesang@gmail.com (hereinafter "**Gmail Account**").

John Doe, the anonymous individual who created Channel 2 (hereinafter "**Doe**") has moved to quash the Subpoena. The owners of Channel 1 and the Gmail Account have not moved to quash the Subpoena.

The Applicant respectfully requests that this Court deny Doe's motion to quash the Subpoena and order Google to provide the information requested in the Subpoena within ten business days of this Court's order disposing of Doe's motion to quash.

### II.   STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Applicant failed to comply with Federal Rule of Civil Procedure 45(a)(4)'s notice requirement.

2. Whether the *Intel* factors weigh in favor of discovery.

3. Whether Doe has standing to challenge the subpoena for undue burden under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), and if he does, whether the subpoena imposes an undue burden.

### III. STATEMENT OF THE RELEVANT FACTS

The Applicant is a company incorporated in the Republic of Korea with its principal office in Seoul, Republic of Korea. Dkt. No. 1-1, ¶ 2.

Doe published two videos that defame the Applicant through false statements and which interfere with the business of the Applicant. Dkt. No. 1-1, ¶¶ 11-16, Exs. 5-7; Dkt. No. 1-3, ¶¶ 6-7, Exs. C-D. The Applicant has been harmed by the defamatory videos. Dkt. No. 1-1, ¶¶ 17-18.

The Applicant has filed a civil lawsuit against Doe on October 28, 2025 in the Seoul Central District Court, in the Republic of Korea, for defamation and business interference (hereinafter "**Civil Case**"). *Id.* ¶ 19. However, the Applicant has been unable to identify the identity of Doe preventing it from proceeding with the Civil Case. *Id.* ¶¶ 22-23. The Applicant is unable to identify Doe because Korean courts lack jurisdiction over Google which is headquartered in Mountain View, California. Dkt. No. 1-2, ¶¶ 6, 13-17, Ex. 1.

The Applicant filed its <u>*Ex Parte* Application for Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings</u> (hereinafter "**Application**") to obtain personal identifying information (hereinafter "**PII**") of Doe so that it can identify Doe in order to pursue the Civil Case. *Id.* ¶ 14.

This Court granted the Application and the Applicant served the Subpoena upon Google. Dkt. No. 5; Taitano Decl. ¶ 4, Ex. 1, Mar. 9, 2026. Doe has moved to quash the subpoena. Dkt. No. 8.

### IV. LEGAL STANDARD

Rule 45(d)(3)(A)(iv) of the Federal Rules of Civil Procedure requires a court to "quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

The U.S. Supreme Court in *Intel* identified the following four factors to be considered by a court when exercising its discretion to authorize discovery pursuant to a Section 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-

court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the request is unduly intrusive or burdensome. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (cleaned up) (*citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Rule 45(a)(4) of the Federal Rules of Civil Procedure provides "[i]f the subpoena commands the production of documents … then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

### V.   ARGUMENT

**A.   The subpoena should not be quashed based on Rule 45(a)(4).**

Doe moves to quash the Subpoena on the ground that the Applicant allegedly violated Federal Rule of Civil Procedure 45(a)(4). The motion should be denied for the following independent reasons.

**1.   Rule 45(a)(4) applies only to "parties", and Doe was not a party**

Rule 45(a)(4) provides: "If the subpoena commands the production of documents … then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

The rule's notice requirement applies only to "each party." At the time the subpoena was served upon Google, Doe was not a party to this Case, and had not been identified or served in the Civil Case. Dkt. No. 1-1, ¶¶ 21-22; Dkt. No. 1-2, ¶¶ 6, 13-17, Ex. 1; Taitano Decl. ¶ 4 Ex. 1. Indeed, the purpose of the Subpoena is to identify Doe so that he may be named as a defendant and be made a party in the Civil Case. Dkt. No. 1-1, ¶¶ 22-23; Dkt. No. 1-2, ¶¶ 13-16.

Because Doe was not a "party", Rule 45(a)(4) does not apply by its plain terms. *Business Guides, Inc. v. Chromatic Commc'ns Enters, Inc.*, 498 U.S. 533, 540-41 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning. As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous").

Doe relies on district court decisions in other circuits extending Rule 45(a)(4) to "expected parties." Those cases are not binding and effectively expand the rule beyond its plain text. *Id.* Furthermore, *In re Rivada Networks* relied on Rule 27, which expressly requires notice on "expected adverse parties". *In re Rivada Networks*, 230 F. Supp. 3d 467, 473 (E.D. Va. 2017). Unlike Rule 27, Rule 45(a)(4) refers only to "parties," not "expected parties." Expanding the rule to cover unidentified individuals whose identities are the subject of the Subpoena would improperly rewrite Rule 45(a)(4).

This is also consistent with the Supreme Court's guidance in *Intel*. There, the Supreme Court rejected judicially created limitations on Section 1782 discovery because they were not grounded in the statute's text. *Intel Corp.*, 542 U.S. at 260-63. As the Supreme Court in *Business Guides, Inc.* and *Intel* explained, courts should not impose requirements that do not appear in the governing statute or rule. *Id.*; *Business Guides, Inc.*, 498 U.S. at 540-41.

Therefore, because Doe was not a party when the subpoena was served, Rule 45(a)(4) does not apply.

**2.      The Court's Section 1782 Order prescribed a different notice procedure**

Even if Rule 45(a)(4) were otherwise applicable, this Court's order authorizing discovery under Section 1782 prescribed a different notice procedure.

Section 1782 provides that discovery shall proceed under the Federal Rules of Civil Procedure "[t]o the extent that the order does not prescribe otherwise." 28 U.S.C. § 1782(a).

Therefore, the Federal Rules apply only by default; courts may prescribe alternative procedures governing discovery. *See* 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 264 (district courts have broad discretion). This Court did exactly that here. This Court ordered (i) the Applicant to serve the authorized subpoena upon Google, (ii) Google to notify Doe within 10 days after service of the subpoena, and (iii) Google and Doe could file a motion to quash within 21 days after service or notice, as applicable. Dkt. No. 5 at 3.

The relevant question therefore, is whether the Applicant complied with this Court's order; not whether Rule 45(a)(4)'s default mechanism was followed.

It is undisputed that Google provided the notice required by this Court on February 2, 2026, and Doe timely exercised his right to move to quash by filing his motion to quash on February 23, 2026. Dkt. No. 8-1, at 19 (notice from Google to Doe); Dkt. No. 8. Because this Court prescribed the operative notice procedure under Section 1782 and that procedure was followed, there was no violation of Rule 45(a)(4).

The Supreme Court has emphasized that district courts have broad discretion in managing Section 1782 discovery. *Intel Corp.*, 542 U.S. at 264-65. This Court exercised that discretion here by prescribing a notice procedure tailored to the circumstances of this Case.

**3.      The Federal Rules provide no authorized means to serve the Rule 45 notice on an unidentified nonparty.**

Even if Rule 45(a)(4) were interpreted to require notice to Doe, the Federal Rules of Civil Procedure provide no means to serve such notice under the circumstances presented here.

Service of papers in federal proceedings is governed by Rule 5. Fed. R. Civ. P. 5. Rule 5(b)(2)(E) permits service by electronic means only if the recipient has consented in writing. Fed. R. Civ. P. 5(b)(2)(E).

Prior to the issuance of the subpoena, the only potential contact information associated with Doe was an email address listed on Channel 2. The Applicant's Korean counsel sent several emails to that email address, but never received a response (although, it appears that Channel 2 deleted some videos in response to the emails sent by Applicant's Korean counsel). 2d Chong Decl. ¶¶ 5-6, Mar. 9, 2026. Prior to the service of the Subpoena, Doe never consented to service by email. Accordingly, because Doe never consented to service by email, Rule 5 does not authorize service of a Rule 45 notice by email. The Federal Rules do not contemplate service of Rule 45(a)(4) advance notice on an unidentified nonparty whose identity and address are unknown. Interpreting Rule 45(a)(4) to require service in these circumstances would create a procedural requirement that litigants cannot satisfy under a plain reading of the Federal Rules of Civil Procedure. In light of that, this Court exercised its discretion under Section 1782 to order an alternate procedure to notify Doe tailored to the circumstances of this Case.

**4.    Even if Rule 45(a)(4) was technically violated, quashing the subpoena would be improper because Doe suffered no prejudice.**

Most courts have held that the consequences of untimely notice under Rule 45(a)(4) should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party. *M.S. v. Angus*, Case No. 2:23-cv-09957-MWF-MAR, 2025 WL 819722, at *3 (C.D. Cal. Feb. 11, 2025). Doe relies upon *Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) to argue that the Subpoena should be quashed. However, that case also considered the prejudice upon a party as being significant in its analysis to quash. *Id.* at *5. The point of prior notice is to allow the opposing party an opportunity to object or to serve a subpoena for additional materials. Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment. Here, that purpose has been fully satisfied. First, Google notified Doe of the subpoena, and Doe timely filed the present motion to quash. Dkt. No. 8-1 at 19 (notice from Google to Doe); Dkt. No. 8. Second, although Doe asserts that he had not seen the precise subpoena served upon Google when he filed his motion, the form of the Subpoena was attached to the Application granted by this Court. Dkt. No. 1, Ex. A; Dkt. No. 5. Third, after Doe filed his motion to quash, the Applicant voluntarily provided Doe with a copy of the Subpoena served on Google and proof of service. Taitano Decl. ¶ 5, Ex. 2. The Applicant also informed Doe that it was willing to agree to a reasonable extension of time for Doe to amend his motion to quash after reviewing the subpoena. *Id.* Doe declined that offer. *Id.* ¶ 6, Ex. 3. Under these circumstances, Doe cannot demonstrate prejudice from the alleged lack of prior notice. Courts routinely deny motions to quash where the movant had a full opportunity to challenge the subpoena and cannot show harm from the alleged procedural defect. *See, e.g., M.S.*, 2025 WL 819722, at *3 (declining to quash subpoena where lack of Rule 45(a)(4) notice caused no prejudice).

Because Doe received notice, exercised his right to challenge the subpoena, was provided the subpoena and proof of service, the Applicant offered Doe a reasonable extension of time to amend his motion to quash, the purpose of Rule 45(a)(4) has been fully satisfied, and quashing the Subpoena is inappropriate.

### B. The discretionary *Intel* factors weigh in favor of discovery.

Doe moves to quash the subpoena issued to Google on the grounds that the *Intel* factors weigh against discovery. The motion should be denied for the following reasons.

### 1. The first *Intel* factor continues to favor discovery because Google is a nonparticipant and the evidence is outside the Korean tribunal's reach

The first *Intel* factor asks whether "the person from whom discovery is sought is a participant in the foreign proceeding", because when the evidence is held by a nonparticipant, "their evidence, available in the United States, may be unobtainable absent Section 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Courts in this District therefore routinely find that this factor favors discovery where the subpoena targets a nonparty located in the United States and outside the foreign tribunal's jurisdiction. *E.g., In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023).

That is precisely the situation here. Google is not a party to the Civil Case and is headquartered in Mountain View, California Dkt. No. 1-2, ¶¶ 6, 17, Ex. 1. Because the PII sought by the Subpoena is maintained by Google in this District, the Korean court lacks jurisdiction to compel Google to produce those records. *Id.* ¶¶ 13-17. Section 1782 therefore provides the appropriate mechanism for obtaining the information.

Doe argues that the information may be obtainable because Google sometimes complies with requests from the Korean government. That argument misses the relevant inquiry. The question under the first *Intel* factor here is whether a private civil litigant can obtain the evidence through the foreign tribunal's compulsory process, not whether a sovereign government may obtain information through separate investigative channels. Google's transparency statistics regarding government requests does not establish that a Korean civil court has jurisdiction to compel Google—a U.S. company—to produce account records for a private plaintiff in a civil case. As the Applicant's Korean counsel has explained, Korean courts lack jurisdiction over Google to compel Google to provide such information. Dkt. No. 1-2, ¶ 17. Doe's evidence only shows that

the Korean government might be able to request that information through other investigative means, but Doe fails to show that those means are available to private litigants such as the Applicant.

Doe also contends that the Applicant could have simply asked Doe to disclose his identity because the Applicant previously communicated with Doe through email. However, *Intel* does not require applicants to exhaust hypothetical alternative avenues of discovery. *Intel*, 542 U.S. at 259-63. More importantly, the ability to contact an anonymous email account does not mean the applicant can compel disclosure of identifying information. In fact, although the Applicant's Korean counsel sent emails to the email address indicated on Channel 2, Doe never responded to those emails. 2d Chong Decl. ¶¶ 5-6. Doe has no legal obligation to voluntarily disclose his identity, and without the requested records from Google, the Applicant cannot identify Doe to proceed with the Civil Case against Doe or serve him in the Civil Case. Dkt. No. 1-2, ¶¶ 13-16.

Accordingly, because the PII is held by a nonparticipant located outside the jurisdiction of the Korean tribunal and cannot be obtained through compulsory process in Korea, the first *Intel* factor strongly favors discovery.

**2.     The second and third *Intel* factors continue to favor discovery because there is no authoritative proof that Korean courts would reject Section 1782 evidence and there is no evidence of circumvention.**

The second *Intel* factor considers the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d at 563 (citing *Intel Corp.*, 542 U.S. at 264-65). Absent a clear directive from the foreign country against the use of Section 1782 evidence, a district court's ruling should be informed by Section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects. *In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *3.

Doe's motion argues that the second *Intel* factors weighs against discovery because Korean courts may not be receptive to the requested evidence. This argument rests on speculation rather than evidence. The decision Doe relies on, *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016), does not support Doe's argument. In *Qualcomm*, the court denied discovery because the Korean Fair Trade Commission itself expressly indicated that it did not want assistance under Section 1782 in that particular administrative investigation. *Id.* at 1041. That case therefore involved a clear and specific statement from the relevant foreign authority rejecting Section 1782 assistance. No comparable circumstance exists here. Doe identifies no statement from the Seoul Central District Court—the tribunal presiding over the Civil Case—indicating that it would reject evidence obtained through Section 1782. Nor does Doe identify any directive from Korean courts generally discouraging or prohibiting the use of such evidence.

To the contrary, the Applicant submitted a declaration from Korean counsel explaining that Korean courts are receptive to evidence obtained through U.S. judicial assistance, including discovery used to identify anonymous online actors. Dkt. No. 1-2, ¶¶ 18-19; 2d Chong Decl. ¶ 16.

Doe's argument therefore rests on speculation rather than the authoritative proof required to demonstrate nonreceptivity. Absent a clear directive from the foreign country against the use of Section 1782 evidence, a district court's ruling should be informed by Section 1782's overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation and international aspects. *In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *3.

Doe's motion argues that the third Intel factor weighs against discovery because the subpoena purportedly circumvents Korean privacy law, particularly the Personal Information Protection Act (hereinafter "**PIPA**"). This argument rests on speculation rather than evidence and misapplies the governing legal standard.

Courts in this District consistently hold that this factor favors discovery where there is no evidence that the applicant is attempting to evade a specific foreign restriction. The relevant question is whether the applicant is using Section 1782 as an improper end-run around foreign

rules—not whether U.S. discovery procedures differ from foreign discovery mechanisms. As demonstrated by Applicant's Korean counsel, the PIPA is simply inapplicable in this case, or based upon Korean case law, allows information obtained through similar means. 2d Chong Decl. ¶¶ 7-18. If Korean courts were concerned about discovery of PII pursuant to Section 1782 and the use of such evidence in Korean courts they could have denied the admission of evidence collected through Section 1782. However, Korean courts have consistently accepted evidence similar to that being requested here which demonstrates that the evidence being sought through the Subpoena does not circumvent foreign proof-gathering limits. *Id.* ¶ 16.

Indeed, the Supreme Court in *Intel* makes clear that Section 1782 is not limited to evidence that would be discoverable under foreign law, and the statute does not impose a foreign-discoverability requirement. *Intel Corp.*, 542 U.S. at 259-63 (rejecting a foreign-discoverability requirement). Consistent with *Intel*, courts in this District routinely conclude that the circumvention factor favors discovery where there is "nothing to suggest" the applicant is attempting to bypass foreign restrictions. *In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *3. Here, the Applicant submitted a declaration from Korean counsel explaining that the requested discovery is intended for use in the Civil Case and does not circumvent Korean proof-gathering rules. Doe offers no evidence to the contrary. Doe does not identify any Korean court order denying the Applicant's access to this information, any Korean procedural rule forbidding the use of such evidence, or any Korean tribunal statement suggesting that evidence obtained through Section 1782 would be improper; to the contrary, Korean courts have been consistently accepting similar evidence obtained through Section 1782. 2d Chong Decl. ¶ 16.

Therefore, Doe offers no authoritative proof that Korean courts would reject evidence obtained through Section 1782 and no evidence that the Applicant is attempting to evade any foreign proof-gathering restriction. Instead, Doe relies on speculation. Under the standards consistently applied in this District, such speculation is insufficient to defeat Section 1782 discovery. Accordingly, the second and third *Intel* factors favor granting the requested discovery.

**3.    The fourth *Intel* factor and Rule 45(d)(3)(A)(iv) continue to favor discovery because the request is narrowly tailored; in the alternative, any privacy concerns can be addressed through tailoring the discovery.**

Doe argues that the subpoena should be quashed because it allegedly seeks information that is unduly intrusive or overbroad.

**A.    The fourth *Intel* factor continues to favor discovery because the discovery is not unduly intrusive or burdensome**

The fourth *Intel* factor asks whether the discovery request is "unduly intrusive or burdensome." Courts applying this factor focus on whether the subpoena is appropriately tailored to the legitimate purpose of the discovery request. *See In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *4.

Here, the Subpoena is narrowly tailored to identify Doe's identity so that the Applicant can pursue the Civil Case. Dkt. No. 1, Ex. A. All of the information being sought by the Subpoena are to identify Doe.

Courts in this District have repeatedly held that similar requests for PII from online platforms are narrowly tailored and appropriate where the purpose is to identify anonymous defendants. Indeed, this Court found that the information requested is narrowly tailored and neither unduly intrusive nor burdensome. Dkt. No. 5, at 2. Although several judges in this District have found banking information to not be narrowly tailored, other judges in this District have found banking information to be narrowly tailored and neither unduly intrusive nor burdensome. *See, e.g.*, Dkt. No. 1, Ex. A, *In re Starship Entertainment Co., Ltd.*, Case No. 23-mc-80147-BLF; *In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *4. That is exactly the district court exercising its discretion under Section 1782. The Applicant is not seeking irrelevant information such as payment history, or other information that reveals sensitive information; it is simply seeking the bank name and account number so that it can provide that information to the bank in order to obtain information to identify Doe from the relevant bank. Dkt. No. 1, Ex. A. Such information can hardly be said to be unduly intrusive or burdensome.

Doe's objections are framed primarily in terms of privacy and intrusiveness. However, as explained in the Applicant's Korean counsel's declaration, the access log (IP addresses and timestamps) being sought by the Applicant do not show what Doe was doing using his Google account. Dkt. No. 1-2, ¶¶ 27, 31-32. The Applicant is seeking narrowly tailored information that it can provide to the Korean telecommunication company to identify Doe if Doe's telephone number registered to the account is insufficient to identify Doe. Allowing the Applicant to identify Doe far outweighs any minimal privacy concerns that Doe may have in the name and account number of his bank, or the access log of his account.

### B. Rule 45(d)(3)(A)(iv) focuses on undue burden to the subpoenaed party, not the movant

Rule 45(d)(3)(A)(iv) provides that a subpoena must be quashed if it subjects a person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). This analysis focuses on the burden imposed on the subpoenaed entity, not the party seeking to avoid disclosure. *de Leon v. Clorox Company*, Case No. 19-mc-80296-DMR, 2020 WL 4584204, at *4 (N.D. Cal. Aug. 10, 2020).

Here, the subpoena is directed to Google, not Doe. Doe does not identify any actual compliance burden that the subpoena imposes on Google. If Google believes it will be subjected to an undue burden, Google can move to quash the subpoena; however, Google has not done so here. Accordingly, Rule 45(d)(3)(A)(iv) does not support quashing the subpoena because Doe is not the party to whom the Subpoena was directed.

### 4. If this Court determines that certain categories of information should not be produced at this time, the appropriate remedy is tailoring the discovery and preservation rather than quashing.

Even if this Court concludes that certain categories of information requested in the Subpoena are more intrusive than necessary for immediate production, the appropriate remedy would be to tailor the discovery rather than quash it outright. The Supreme Court has expressly recognized that where a request is potentially intrusive or burdensome,

district courts may "reject or trim" the discovery request rather than deny discovery entirely. *Intel Corp.*, 542 U.S. at 265.

Accordingly, if this Court determines that certain categories of PII should not be produced at this time, the Applicant respectfully requests that this Court order Google to preserve those categories of information pending further order of this Court.

Such a preservation directive would be a reasonable and balanced safeguard. The records at issue are maintained by a third-party service provider and may be subject to routine retention limits or deletion policies. If the initial production of information proves insufficient to identify Doe or to effect service in the Civil Case, the preserved records may become critical to identifying Doe.

Without a preservation order, potential identifying information could be lost before the Applicant has an opportunity to seek further relief from this Court if necessary. Courts routinely address concerns about sensitive information in discovery by imposing conditions, tailoring production, or limiting disclosure, rather than eliminating discovery altogether. *See Intel Corp.*, 542 U.S. at 265.

For these reasons, if this Court determines that certain categories of information are not appropriate for immediate production, the Applicant respectfully requests that this Court order Google to preserve all responsive information, including any categories not ordered produced at this time, until further order of this Court.

### VI.   CONCLUSION

For the foregoing reasons, Doe has failed to demonstrate any basis for quashing the Subpoena. The Applicant respectfully requests that this Court deny Doe's motion to quash and order Google to produce the requested records.

In the alternative, if this Court determines that any categories of information requested in the subpoena are overly intrusive or burdensome for immediate production, Applicant respectfully

requests that the Court tailor the Subpoena rather than quash it and order Google to preserve any such information pending further order of this Court.

Dated: March 9, 2026.

_____/s/_ Carlos Makoto Taitano_____
CARLOS MAKOTO TAITANO
Attorney for Applicant
The Born Korea, Co. Ltd.