Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:    (671) 777-0581
Email:         cmakototaitano@taitano.us.com

*Attorney for Applicant*
*The Born Korea, Co. Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of )<br><br>The Born Korea, Co. Ltd., )<br><br>Applicant. ) <br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number: 25-mc-80388-PCP<br><br>**THE BORN KOREA, CO. LTD.'S OBJECTION TO REPLY EVIDENCE OF NON-PARTY JOHN DOE MOVANT** |

Pursuant to Civil Local Rule 7-3(d)(1), Applicant The Born Korea Co., Ltd. (hereinafter "**Applicant**") hereby objects to the new evidence submitted by Non-Party John Doe Movant (hereinafter "**Doe**") with his reply, including the Second Declaration of Jinhee Kim (Dkt. No. 11-1), the Declaration of Daye Sung (Dkt. No. 11-2), and the exhibits attached thereto.

**1. Improper submission of new evidence on reply**

Doe improperly submits new evidence for the first time on reply to cure his failure to submit evidence that he communicated with the Applicant's Korean counsel, as well as to rebut arguments raised in Applicant's opposition. Specifically, Doe relies on a July 11, 2025 email (attached as Exhibit A to the Second Declaration of Jinhee Kim) to contradict Applicant's showing that Doe did not respond to communications from Applicant's Korean counsel. Dkt. No. 11-1, at

Page **1** of **3**

*25-mc-80388-PCP*
*Objection to Reply Evidence*

2, 3-4; Dkt. No. 11-2, at 2, 3-4 (translation). Doe had every opportunity to submit the July 11, 2025 email from his alleged business representative with his original motion, but withheld that evidence until the reply.

Courts decline to consider evidence raised for the first time on reply where it deprives the opposing party of an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). This rule applies with particular force where, as here, the reply evidence is offered to cure a deficiency in the moving party's opening papers. Allowing Doe to introduce evidence with his reply that he could have introduced with his motion to quash deprives the Applicant of any opportunity to respond.

### 2. Lack of foundation and personal knowledge

The Second Declaration of Jinhee Kim does not establish a proper foundation for the proffered email. Although the declarant asserts personal knowledge, the declarant does not demonstrate personal knowledge of the underlying communication, including the identity of the sender, the circumstances of transmission, or the accuracy of the contents. *See* Dkt. No. 11-1, at 2, 3-4; Dkt. No. 11-2, at 2, 3-4 (translation). The email appears to have been sent by a third party, and the declaration provides no basis to authenticate the document or to support the assertions for which it is offered.

### 3. No showing that the email is attributable to Doe

The email is not from Doe, but from an unidentified individual using the email address "msj102679@gmail.com," described as "Doe's business representative" by the declarant. Dkt. No. 11-1, at 2. Doe provides no admissible evidence establishing the identity of this individual or that this person was authorized to act or communicate on Doe's behalf. Absent such a showing, the

*25-mc-80388-PCP*
*Objection to Reply Evidence*

email cannot be attributed to Doe and does not support Doe's contention that he communicated with the Applicant.

### 4. The email is unauthenticated, hearsay, and fails to establish that there was a communication between Doe and the Applicant's Korean counsel

The proffered email is unauthenticated. Doe provides no evidence sufficient to satisfy Federal Rule of Evidence 901. Fed. R. Evid. 901. The Declaration of Daye Sung attests only to the accuracy of an English translation and does not authenticate the underlying document or establish that the email was sent, received, or reflects an actual communication between the relevant parties. Dkt. No. 11-2, at 2.

In addition, the email constitutes hearsay, and Doe has not established any applicable exception or exclusion, including any basis to treat the statement as one attributable to Doe. Even if considered, the exhibit does not demonstrate that Doe responded to or engaged in communication with Applicant's Korean counsel; at most, it reflects a unilateral message from an unidentified third party without any showing of receipt or response.

For these reasons, the Applicant respectfully requests that this Court strike or disregard the new evidence submitted with Doe's reply.

Dated: March 23, 2026.

_____/s/_Carlos Makoto Taitano_____
CARLOS MAKOTO TAITANO
Attorney for Applicant
The Born Korea, Co. Ltd.

*25-mc-80388-PCP*
*Objection to Reply Evidence*