UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE EX PARTE APPLICATION OF
THE BORN KOREA, CO. LTD.

Case No.  25-mc-80388-PCP

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH**

Re: Dkt. No. 8

In this action seeking discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782, third-party John Doe moves to quash applicant The Born Korea's subpoena seeking information about Doe from Google, LLC. For the reasons below, the motion to quash is granted in part and denied in part.

**BACKGROUND**

The Born Korea is suing the owners of two YouTube accounts for defamation in the Republic of Korea ("South Korea"). Because The Born Korea does not know the identities of the YouTube account owners, it filed the South Korean action against unnamed defendants. The Born Korea then filed an *ex parte* application in this Court under 28 U.S.C. § 1782, seeking to subpoena Google for information concerning the YouTube accounts in order to identify the account owners.

The Court granted The Born Korea's application after concluding that all the relevant factors set forth by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.* favored doing so. *See* 542 U.S. 241, 260–62 (2004). The Court's order permitted The Born Korea to file a subpoena "substantially similar" to the sample subpoena attached to its application as an exhibit. And the Court ordered Google to "notify all account users whose personal identifying information is affected by the subpoena that their identifying information is being sought by The Born Korea."

United States District Court
Northern District of California

Upon receiving that notice, one of the YouTube account holders (Doe) appeared in this action and filed a motion to quash the subpoena as to his information. The Born Korea opposes the motion.

**ANALYSIS**

Doe moves to quash The Born Korea's subpoena on three grounds, none of which warrant quashing the subpoena in its entirety. But Doe has shown that the subpoena should be narrowed to cover only the information necessary for The Born Korea to name Doe as a defendant in the South Korean action.

***First***, Doe argues that The Born Korea's subpoena should be quashed because The Born Korea failed to serve Doe with notice and a copy of the subpoena.

Doe may be correct that The Born Korea was required to serve him. Federal Rule of Civil Procedure 45(a)(4) requires that "if [a] subpoena commands the production of documents, electronically stored information [ESI], or tangible things …, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." And Rule 45(a)(4) applies to a subpoena issued pursuant to § 1782 "[t]o the extent that the order" granting the § 1782 application "does not prescribe otherwise." 28 U.S.C. § 1782(a). Some courts in this circuit have therefore held that, where an order granting a § 1782 application does not specifically state otherwise, the applicant must serve a subpoena commanding the production of documents or ESI on all parties to the foreign proceeding for which discovery is sought. *See, e.g.*, *In re Credito*, No. C22-1549JLR, 2022 WL 16744212, at *4 (W.D. Wash. Nov. 6, 2022); *Xie v. Lai*, No. 19-MC-80287-SVK, 2019 WL 7020340, at *4 (N.D. Cal. Dec. 20, 2019) (explaining that "a successful § 1782 petitioner [may] refrain from providing notice to potential adverse parties" under Rule 45(a)(4) only in limited circumstances). Here, the Court's order granting The Born Korea's § 1782 application said nothing about Rule 45(a)(4) or The Born Korea's obligation to serve Doe. And as an unnamed defendant in the South Korean action, Doe may be a "party" to that action within the meaning of Rule 45(a)(4). It is possible, then, that The Born Korea was required to serve Doe with notice and a copy of the subpoena, which The Born Korea failed to do.

But even if The Born Korea was required to serve Doe, its failure to do so would not

United States District Court
Northern District of California

justify quashing the subpoena. Rule 45(a)(4)'s notice requirement was "intended to achieve the … purpose of enabling other parties to object or to serve a subpoena for additional materials." Fed. R. Civ. P. 45(a)(4) advisory committee's note to 2013 amendment. So "when opposing counsel have notice and sufficient time to object, they are not prejudiced by a violation of Rule 45['s] notice requirement." *Vondersaar v. Starbucks Corp.*, No. 13-cv-80061, 2013 WL 1915746, at *2 (N.D. Cal. May 8, 2013) (discussing Rule 45(a)(4)'s predecessor provision). Courts in this circuit thus generally deny motions to quash subpoenas for failure to serve another party where the unserved party ultimately received notice of and was able to object to the subpoena. *See, e.g.*, *id.* at *2–3; *M.S. v. Angus*, No. 2:23-CV-09957, 2025 WL 819722, at *3 (C.D. Cal. Feb. 11, 2025); *Bonzani v. Shinseki*, No. 2:11-CV-00007, 2014 WL 2521849, at *3–4 (E.D. Cal. June 4, 2014). That is the case here—Doe received notice of the subpoena from Google and was able to object via the motion to quash. Doe contends that he has been prejudiced because he has never seen the subpoena served on Google. But as noted above, the Court's prior order required that the subpoena be "substantially similar" to the sample attached to The Born Korea's § 1782 application. Doe has access to that sample, and his motion displays awareness of the precise information The Born Korea seeks, suggesting that he had adequate notice and an attendant opportunity to object.

**Second,** Doe argues that the Court should quash the subpoena because The Born Korea told him that it would not pursue legal action if he removed the allegedly defamatory videos from YouTube, which he did. Yet Doe offers no authority in support of this argument. To the extent that purported pre-suit promises estop The Born Korea's claims against Doe, that is a merits issue for the South Korean tribunal to address, not one that precludes discovery necessary to litigate such merits issues.

**Third,** Doe argues that the four discretionary factors described by the Supreme Court in *Intel* favor quashing The Born Korea's subpoena. *See* 542 U.S. at 264–65. The Court has already concluded otherwise, and Doe provides little reason to alter that conclusion with respect to the first three factors. But Doe convincingly argues that the fourth factor favors narrowing the subpoena.

As to the first factor, Doe argues that The Born Korea made no attempt to first obtain the information it seeks from the South Korean courts or directly from Doe. But "the Supreme Court

3

United States District Court
Northern District of California

and other federal courts have refused to engraft an exhaustion requirement on Section 1782 that would force litigants to seek information through a foreign court or from a foreign party before requesting third-party discovery from a district court under Section 1782." *In re Ex Parte Motorola Mobility LLC,* No. 12-CV-2618, 2013 WL 831554, at *2 (S.D. Cal. Feb. 1, 2013); *see also Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-MC-80215, 2020 WL 820327, at *6 (N.D. Cal. Feb. 19, 2020).

As to the second factor, Doe argues that the South Korean tribunal may not be receptive to foreign discovery. But Doe's only support for that argument is a case noting that the Korean Fair Trade Commission had made it clear that it was not receptive to assistance from United States courts in a particular matter. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016). That does not suggest that South Korean *courts* are generally unreceptive to aid from United States courts.

As to the third factor, Doe argues that The Born Korea is attempting to circumvent foreign proof-gathering restrictions because some of the information it seeks is protected under South Korea's Personal Information Protection Act. The mere fact that information would not be discoverable in the foreign tribunal does not show that discovery under § 1782 is improper or is an attempt to circumvent foreign restrictions. *See Intel*, 542 U.S. at 260–62 (rejecting foreign-discoverability requirement). Doe offers no other evidence to suggest that The Born Korea is attempting to circumvent South Korean discovery restrictions, so the third factor continues to favor allowing discovery. *See In re Starship Ent. Co., Ltd.*, No. 23-MC-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023).

As to the fourth factor, Doe argues that The Born Korea's requests are "unduly intrusive [and] burdensome," *Intel*, 542 U.S. at 265, because they request more information than is required for The Born Korea's stated goal of identifying Doe to name him as a defendant in the South Korean action. The Court agrees. As The Born Korea's § 1782 application notes, the only information required to proceed with a civil case against a person in South Korea is the person's "name, address, and date of birth." But in addition to that information, The Born Korea's subpoena requests information like Doe's telephone number, email address, bank name and

4

account number, and access logs. The Born Korea explains that this information may be necessary to identify Doe if Google does not have accurate records of Doe's name, address, and birth date. Given The Born Korea's acknowledgement that this additional information may *not* be necessary, and Doe's opposition to the release of such information, The Born Korea's request for this information is unduly intrusive at this time. Accordingly, the Court grants Doe's motion to quash as to this information and narrows The Born Korea's subpoena to cover only Doe's name, address, and date of birth. Should the narrowed subpoena fail to enable identification of Doe, The Born Korea may seek leave to demand additional information in the future.

## CONCLUSION

For the foregoing reasons, the Court denies Doe's motion to quash the subpoena with respect to Doe's name, address, and date of birth. The Court grants Doe's motion to quash as to the other information sought by The Born Korea.

**IT IS SO ORDERED.**

Dated: April 30, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

5